UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH M. BELL, | ) | CASE NO. 1:23-cv-256 |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation ("R&R") of Magistrate Judge Darrell A. Clay, recommending that this Court affirm the decision by defendant Commissioner of Social Security (the "Commissioner") denying plaintiff Elizabeth M. Bell's ("Bell") application for Disability Insurance Benefits ("DIB"). (Doc. No. 14.) Bell filed a timely objection to the R&R (Doc. No. 15), and the Commissioner filed a response. (Doc. No. 16). Upon *de novo* review of the applicable sections, and for the reasons set forth below, the Court overrules the objection, accepts the R&R, affirms the decision of the Commissioner, and dismisses the case.

I.   **BACKGROUND**[1]

On October 16, 2020, Bell filed an application for Disability Insurance Benefits ("DIB"). (*See* Doc. No. 8 (Administrative Transcript), at 69.[2]) She alleged disability owing to a number of conditions, including bipolar affective disorder, post-traumatic stress disorder, general anxiety

---

[1] The R&R contains a more detailed recitation of the factual background in this case. (*See* Doc. No. 14.) This Court includes only the factual and procedural background pertinent to Bell's objections to the R&R.

[2] To be consistent with the citations to the administrative transcript within the R&R and the parties' briefing, all page number references to the administrative transcript herein are to the bates numbers on the bottom right-hand corner. All other record citations are to the ECF-generated page numbers.

disorder, attention deficit disorder, seizures, carpal tunnel syndrome, and migraines. (*Id.* at 80.) Additionally, Bell received diagnoses of stimulant use disorder and obesity. (*Id.* at 71.) Bell alleged a disability onset date of August 1, 2020. (*Id.* at 69.) Bell's application for DIB was denied initially and upon reconsideration. (*Id.* at 69–77, 80–88.) Bell then requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on February 4, 2022. (*Id.* at 32.) The hearing transcript is in the record. (*Id.* at 32–68.)

The ALJ issued his decision on February 17, 2022. (*Id.* at 15–27.) The ALJ found that Bell suffered from severe impairments, including seizure disorder, bilateral carpal tunnel syndrome, obesity, bipolar disorder, depression, post-traumatic stress disorder, and stimulant use disorder. (*Id.* at 17.) But the ALJ also determined that these impairments did not meet or medically equal the severity of any one of the listed impairments in the Social Security regulations, and that Bell retained the residual functional capacity ("RFC") to perform a range of light duty work with specific limitations. (*Id.* at 18–26.) The ALJ concluded that Bell could perform a significant number of jobs existing in the national economy, such as housekeeper, mail clerk, or price marker, and was, therefore, not disabled. (*Id.* at 26–27.)

Bell timely filed the instant action, seeking judicial review. Bell, represented by counsel, filed a brief on the merits (Doc. No. 9), the Commissioner filed a response brief on the merits (Doc. No. 12), and Bell filed a reply brief. (Doc. No. 13.) On December 28, 2023, the magistrate judge issued his R&R, recommending that the Commissioner's decision be affirmed because the ALJ applied the appropriate legal standards and the decision was supported by substantial evidence. (Doc. No. 14.)

## II. STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial

evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (further citations omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### III. DISCUSSION

Bell submits a single objection to the R&R, arguing that there was not substantial evidence for the ALJ to find that the opinion of Dr. Joel Steinberg ("Steinberg") was unpersuasive and lacked substantial evidence. (Doc. No. 15, at 2.) Couched within this general objection, Bell points to two alleged errors: first, that the ALJ incorrectly considered the relevant factors in evaluating Steinberg's opinion; second, that the ALJ's determination that Steinberg's opinion was

4

unpersuasive was not supported by substantial evidence. (*Id.* at 2–4.) The Court will address the latter argument first.

To begin with, Bell reiterates the same general arguments she made in her brief to contend that substantial evidence does not support finding Steinberg's opinion unpersuasive. (*Compare id.* at 3, *with* Doc. No. 9, at 10–13.) She argues that Steinberg's report was supported by counseling notes and reports of State Agency consultants. (Doc. No. 15, at 3.) She also states that Steinberg was Bell's treating psychiatrist, presumably arguing that his opinion should be given greater weight given the closeness of the physician-patient relationship. (*See id.*) Each of these arguments were raised in Bell's brief (*see* Doc. No. 9, at 10–13) and considered by the magistrate judge in his R&R. (Doc. No. 14, at 21–24). Objections that simply "rehash" arguments made in the plaintiff's brief are not proper objections under Fed. R. Civ. P. 72(b). *See Alrdrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Alston v. Voorhies*, No. 07-cv-2284, 2010 WL 3895069, at *10 (N.D. Ohio Sept. 30, 2010) (collecting cases). Accordingly, the Court declines to reconsider whether the ALJ's opinion of Steinberg's report was supported by substantial evidence.

Next, Bell argues that the ALJ failed to consider the relevant factors when evaluating Steinberg's opinion. (Doc. No. 15, at 2–3.) Again, this argument mirrors the arguments Bell presented in her briefing. (Doc. No. 9, at 10–13.) This objection is therefore improper, amounting to a rehash of arguments already made to the magistrate judge. *Alston*, 2010 WL 3895069, at *10.

Even if the objection were proper, Bell's arguments are unpersuasive. First, Bell contends that the magistrate judge mischaracterized her arguments. (Doc. No. 15, at 2.) In the R&R, the

5

magistrate judge stated that Bell had not argued that the ALJ failed to consider the supportability and consistency of Steinberg's opinion but had instead argued that the ALJ improperly assessed the supportability and consistency of Steinberg's opinion. (Doc. No. 14, at 22.) Bell insists that she had argued the ALJ failed to consider supportability and consistency. (Doc. No. 15, at 2.)

The Court agrees with the magistrate judge's characterization. In her brief, Bell acknowledges that the ALJ found Steinberg's opinion to be "internally inconsistent." (Doc. No. 9, at 11–12.) She also restates the reasons the ALJ gave to explain why Steinberg's opinion was unsupported, notably that it "lacked narrative" or any other explanation for its findings. (*Id.*; *see also* Doc. No. 8, at 24.) Both arguments are directed towards Bell's larger contentions that the ALJ's decision was not supported by substantial evidence; nowhere does Bell argue that supportability and consistency were not considered.

The Court finds nothing in Bell's briefing before the magistrate judge that could be construed as an argument that the ALJ failed to consider supportability and consistency. As a result, her objection is overruled. It bears noting, however, that both the ALJ and magistrate judge have determined that substantial evidence exists to find Steinberg's opinion to be unsupported and inconsistent. (Doc. No. 8, at 24; Doc. No. 14, at 23–24.) Insofar as Bell's objection, even if proper, amounts to a request to reweigh that evidence and find that the ALJ failed to consider supportability and consistency, the Court declines to do so. *See DeLong*, 748 F.3d at 726.

Finally, Bell argues that the magistrate judge improperly relied on the opinion in *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) for the proposition that an ALJ could disregard the opinion of a medical expert (Steinberg) due to internal inconsistency. (Doc. No. 15, at 2–3.) Bell argues that *Norris* is inapt because the physician in *Norris*, unlike Steinberg, was not the plaintiff's treating physician. (*Id.*) This argument stems from the false premise that the opinion of a treating physician is owed greater deference than that of a non-treating physician. The applicable regulations have explicitly disavowed such a position. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Moreover, courts have similarly found that internal inconsistency constitutes substantial evidence from which an ALJ could reject a physician's opinion. *Day v. Comm'r of Soc. Sec.*, No. 1:16-cv-2813, 2017 WL 6508985, at *9 (N.D. Ohio Dec. 5, 2017) ("It was not error for the ALJ to find that Dr. Tran's moderate ratings were inconsistent with the number of workday absences he predicted."); *Spenlau v. Comm'r of Soc. Sec. Admin.*, No. 5:22-cv-630, 2023 WL 3182541, at *10 (N.D. Ohio Apr. 14, 2023), *report and recommendation adopted sub nom. Spenlau v. Comm'r of Soc. Sec.*, No. 5:22-cv-630, 2023 WL 3173700 (N.D. Ohio May 1, 2023) (collecting cases). The magistrate judge, therefore, did not err in citing to *Norris* and Bell's objection to this effect is overruled.

## IV. CONCLUSION

For the reasons discussed above, Bell's objections to the R&R are OVERRULED. (Doc. No. 15.) The R&R is ACCEPTED. (Doc. No. 14.) Because the Commissioner's decision to deny DIB is supported by substantial evidence, that decision is AFFIRMED, and this case is DISMISSED.

**IT IS SO ORDERED**.

Dated: February 20, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**